# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CARL J. HACH,<br><br>Petitioner,<br><br>v.<br><br>SCOTT FISCHER, Warden at FCI Sandstone,<br><br>Respondent. | Civil No. 09-1340 (JRT/JJG)<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Carl J. Hach, #04248-090, Federal Correctional Facility, P.O. Box 1000, Sandstone, MN 55072, petitioner *pro se*.

Mary J. Madigan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

On May 30, 2009, petitioner Carl J. Hach, currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, filed this petition for habeas corpus under 28 U.S.C. § 2241. On June 9, 2009, United States Magistrate Judge Jeanne J. Graham issued a Report and Recommendation recommending that the Court summarily dismiss Hach's application for lack of jurisdiction. Hach filed objections to the Report and Recommendation, which the Court reviews *de novo*. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2. For the reasons set forth below, the Court overrules the objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

In 1998, Hach pled guilty to federal drug charges in a criminal case brought in the United States District Court for the Western District of Wisconsin. (Petition at 1, Docket No. 1.) A federal judge sentenced Hach to 188 months imprisonment, a term that Hach is currently serving in a federal correctional facility in Sandstone, Minnesota. (*Id.* at 2.) Hach filed a direct appeal of his sentence to the United States Court of Appeals for the Seventh Circuit, arguing that at sentencing the district court erred in calculating the quantity of drugs attributable to the drug conspiracy for which he was convicted. *United States v. Hach*, 162 F.3d 937, 941, 950 (7th Cir. 1998), *cert. denied*, 526 U.S. 1103 (1999). The Seventh Circuit denied Hach's appeal and affirmed the judgment of the district court. *See id.* at 952.

Following the denial of his appeal, Hach filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the trial court where he was sentenced. (Petition at 2, Docket No. 1.) That petition also challenged the validity of the sentence based on the district court's alleged errors in calculating the drug quantity attributable to the conspiracy. (*Id.*) The trial court denied Hach's petition, and Hach's appeal of that decision to the Seventh Circuit was unsuccessful. (*Id.*)

On June 2, 2009, Hach filed the instant petition for habeas corpus in this Court pursuant to 28 U.S.C. § 2241. Hach once again challenges his conviction, arguing that the trial court lacked jurisdiction over his criminal case because his offense occurred on private property, rather than federally owned property. (Petition at 3-4, Docket No. 1 ("[Hach]'s charged offense took place on private property within the exterior boundaries

of Wisconsin state. In order for the federal government to acquire jurisdiction over the geographical location in question, there would have to have been a cessation and acceptance of jurisdiction as outlined in 40 U.S.C. §§ 3111 & 3112.").

The Magistrate Judge concluded that because Hach challenges the validity of his 1998 conviction, Hach's petition should have been brought under 28 U.S.C. § 2255. Further, the Magistrate Judge concluded that the § 2241 petition could not be construed as a § 2255 motion because rules governing successive petitions and the statute of limitations bar Hach from seeking relief under § 2255. *See* 28 U.S.C. § 2255(f), (h). As a result, the Magistrate Judge recommended, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, that the Court summarily dismiss Hach's § 2241 petition. (Report & Recommendation at 1 n.1, Docket No. 2. ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." (internal quotation marks omitted)).); *see also Mickelson v. United States*, Civ. No. 01-1750, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002) ("Although the § 2254 Rules are directly applicable to petitions of state prisoners, Rule 1(b) authorizes federal district courts to use their discretion in applying the rules to other habeas corpus cases.").

Hach filed timely objections to the Report and Recommendation, stating that he "does not understand" why the Magistrate Judge recommended dismissing the habeas petition and reasserting that he is "innocent" of the convicted offense "because no fact

finder or juror could have convicted him absent jurisdiction." (Objections to Report & Recommendation at 1-2, Docket No. 6.)

**DISCUSSION**

"A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005); *see* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective** to test the legality of his detention." (emphasis added)). Under § 2255's so-called savings clause, "the petitioner has the burden of showing that the remedy under § 2255 would be inadequate or ineffective." *Abdullah*, 392 F.3d at 959.

Hach challenges the validity of his conviction on jurisdictional grounds and argues that the judgment against him is void. Consequently, Hach's § 2241 habeas corpus petition is barred by § 2255's exclusive remedy rule unless Hach can establish that § 2255 would be inadequate or ineffective. Hach has not satisfied that burden, and the Magistrate Judge correctly concluded that his habeas petition must be dismissed.

As an initial matter, the Magistrate Judge properly concluded that the Court cannot construe Hach's § 2241 petition as a § 2255 motion and transfer the action to the Western District of Wisconsin. Hach previously sought relief under § 2255 in the trial court where he was sentenced, and the instant petition would be considered a "second or successive" § 2255 motion. *See* 28 U.S.C. § 2255(h). Even if this Court transferred the petition to the Western District of Wisconsin, the trial court would not have jurisdiction to review the petition absent prior certification and approval by the Seventh Circuit. 28 U.S.C. § 2255(h); *id.* § 2244(b)(3)(A), ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Moreover, the one-year statute of limitations applicable to § 2255 motions would bar Hach's successive § 2255 motion. *See* 28 U.S.C. § 2255(f).

Second, the Magistrate Judge correctly concluded that Hach may not file a § 2241 petition in an effort to avoid his ineligibility to seek relief under § 2255. As the Eighth Circuit held, § 2255 will not be deemed

> inadequate or ineffective merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed, or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

*United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted); *accord Abdullah*, 392 F.3d at 959 ("Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred."); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th

Cir. 2003) ("[I]n order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition.").

In *Abdullah v. Hedrick*, the Eighth Circuit cited with approval *In re Davenport*, in which the Seventh Circuit held that "[a] federal prisoner should be permitted to seek habeas corpus only if he had no **reasonable opportunity** to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). As the Magistrate Judge explained, Hach had a reasonable opportunity to present his jurisdictional claim when he directly appealed his sentence to the Seventh Circuit and when he filed his initial § 2255 motion. Hach may not now claim that the prior § 2255 proceeding was inadequate or ineffective to address his present jurisdictional argument. *See Abdullah*, 392 F.3d at 963 ("[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." (internal quotation marks omitted)).

In sum, § 2255's savings clause does not apply to Hach's present request for relief. The Magistrate Judge correctly concluded that Hach "had an adequate procedural opportunity to present his arguments before, and he is therefore barred from bringing them now in a § 2241 habeas corpus petition." (Report & Recommendation at 8, Docket

No. 2.) Accordingly, the Court overrules Hach's objections and adopts the Report and Recommendation.

### ORDER

1. Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation dated June 10, 2009, [Docket No. 2]. Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 19, 2010　　　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge